UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSNY CIRENE, and DUBENSON JULIEN, individually and on behalf of other similarly situated individuals, <br><br> Plaintiffs, <br> v. <br><br> VITEL COMMUNICATIONS LLC., and JNET COMMUNICATIONS LLC., <br><br> Defendants. | Case No.: <br><br> **COLLECTIVE ACTION COMPLAINT** <br> **(JURY TRIAL DEMANDED)** |

Plaintiffs Josny Cirene and Dubenson Julien, through their attorneys, make the allegations contained herein on behalf of themselves and all others similarly situated.

## JURISDICTION

1. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the federal Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA").

2. Venue is proper in the United States District Court, District of New Jersey pursuant to 28 U.S.C. § 1391 because Defendants reside in this district, and because a substantial part of the events giving rise to the claims occurred in this district.

## PARTIES

3. Defendant Vitel Communications LLC is a foreign corporation doing business in numerous locations across the country including New Jersey, Georgia, Michigan, Maryland, Texas, and California. Defendant Vitel Communications LLC is a wholly owned subsidiary of Defendant JNET Communications LLC. It provides installation, maintainence, and repair services to Comcast customers. Vitel Communications LLC is an "employer" within the

meaning of the FLSA, 29 U.S.C. § 203(d).

4. Defendant JNET Communications LLC is a foreign corporation with its principal place of business in Warren, New Jersey. Defendant JNET Communications is the parent company of Defendant Vitel Communications LLC. Through its subsidiaries, Defendant JNET Communications LLC offers teleservices and customer care to cable and telecommunications providers such as Comcast. Defendant JNET Communications LLC's executives are involved in the development and implementation of Defendant Vitel Communications LLC's human resource policies and payroll practices. Defendant JNET Communications LLC is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

5. Plaintiff Josny Cirene is an adult resident of the State of New Jersey. Plaintiff Cirene worked as a technician for Defendants out of their Union, New Jersey location during the relevant statutory period. As a technician, Plaintiff's job was to install, service, repair, or maintain cable and broadband services. Plaintiff Cirene was Defendants' "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e).

6. Plaintiff Dubenson Julien is an adult resident of the State of New Jersey. Plaintiff Julien worked as a technician for Defendants out of their Union, New Jersey location during the relevant statutory period. As a technician, Plaintiff's job was to install, service, repair, or maintain cable and broadband services. Plaintiff Dubenson was Defendants' "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e).

7. As technicians working for Defendants, Plaintiffs Cirene and Julien were paid on a piece rate basis. Under Defendants' compensation plan, Defendants did not actually pay Plaintiffs overtime compensation for their overtime hours worked despite providing Plaintiffs with paychecks listing "regular" earnings, "overtime" earnings, and a "disc bonus" (discretionary

bonus) to give the appearance that overtime compensation was being paid when in fact it was not. A sample paycheck for Plaintiff Cirene is attached as **Exhibit A**.

8. Plaintiffs bring this action on behalf of themselves and other similarly situated employees pursuant to 29 U.S.C. § 216(b). Plaintiffs and the similarly situated individuals are individuals who are currently or have been employed by Defendants as technicians (also known cable technicians or installers) in any of their locations during the last three years ("the Collective Class" and "applicable statutory period").

## COLLECTIVE ACTION ALLEGATIONS

9. Plaintiffs bring this action on behalf of themselves and other similarly situated employees as authorized under FLSA § 16(b), 29 U.S.C. § 216(b). The written consent forms of Plaintiffs and other similarly situated employees are attached as **Exhibit B**. As this case proceeds, it is likely that other individuals will sign consent forms and join this action as opt-in plaintiffs.

10. During the applicable statutory period, Plaintiffs and the Collective Class worked as or performed the duties of technicians for Defendants.

11. During the applicable statutory period, Plaintiffs and the Collective Class routinely worked in excess of forty (40) hours per week without receiving overtime compensation for their overtime hours worked.

12. Defendants paid Plaintiffs and the Collective Class on a piece rate basis.

13. As piece rate paid technicians, Plaintiffs and the similarly situated individuals recevied a determinable amount of money for each type of job or service that he or she performed at the cable subscriber's property.

14. Although they regularly worked more than forty (40) hours per week completing their piece rate work and other job duties, Plaintiffs and the Collective Class did not receive proper overtime pay from Defendants.

15. Specifically, Plaintiffs and the Collective Class were not compensated correctly for overtime pay under Defendants' compensation plan because Plaintiffs and those similarly situated should have been paid additional overtime compensation on top of their piece rate earnings.

16. Pursuant to 29 U.S.C. § 778.111(a), the regular rate of pay of Plaintiffs and those similarly situated should have been calculated by adding together their total earnings for the workweek from piece rates and all other sources and then dividing this sum by the number of hours worked in the week for which such compensation was paid. For their overtime hours worked, Plaintiffs and those similarly situated are entitled be paid, in addition to their total weekly earnings at this regular rate for all hours worked, a sum equivalent to one-half this regular rate of pay multiplied by the number of hours worked in excess of forty in the week.

17. For example, during the week of June 13, 2010 through June 19, 2010, Plaintiff Cirene's total earnings for the workweek from piece rates equaled $913.23. (See **Exhibit C**). To determine his regular rate of pay for this week, Defendants should have divided $913.23 by his total hours worked that workweek and paid additional overtime pay on top of the $913.23 he earned in piece rates. Assuming he worked 14.82 hours of overtime during this workweek, Plaintiff Cirene is owed approximately $123.45 in overtime compensation.

18. For example, during the week of June 20, 2010 through June 26, 2010, Plaintiff Cirene's total earnings for the workweek from piece rates equaled $1,395.51. (See **Exhibit C**). To determine his regular rate of pay for this week, Defendants should have divided $1,395.51 by

4

his total hours worked that workweek and paid additional overtime pay on top of the $1,3951.51 he earned in piece rates. Assuming he worked 26.73 hours of overtime this workweek, Plaintiff Cirene is owed approximately $279.50 in overtime compensation.

19. Even though Plaintiff Cirene's paycheck for these workweeks give the appearance of paying "overtime" and a "discretionary bonus," overtime is not in fact being paid. Instead, Defendants' compensation plan is a scheme designed to conceal the fact that Defendants are actually compensating Plaintiffs and the similarly situated employees only what they earned in piece rates and nothing more. Schemes such as this do not comply with the FLSA. See, e.g., 29 C.F.R. § 778.502 et seq.

20. Plaintiffs complained to Defendant Vitel Communications LLC about not being properly compensated for all of their overtime hours worked.

21. Upon information and belief, other technicians also complained about Vitel Communications LLC's overtime practices.

22. Upon information and belief, Defendant Vitel Communications LLC has previously been investigated by the state and/or federal department of labor for its wage and hour practices.

## COUNT I

### VIOLATIONS OF THE FAIR LABOR STANDARDS ACT
### (Overtime Violations)

23. Plaintiffs reallege and incorporate the above paragraphs by reference as if fully set forth herein.

24. The FLSA, 29 U.S.C. § 207, requires covered employers, such as Defendants, to compensate all non-exempt employees at a rate of not less than one and one-half (1.5) times the regular rate of pay for work performed in excess of forty (40) hours per workweek.

25. Plaintiffs and the similarly situated employees are not exempt from the FLSA's overtime provisions.

26. Under the FLSA's regulations, the term "regular rate" is defined to include all remuneration for employment whether derived from hourly rates, piece rates, production bonuses or other sources, and the overtime provisions of the FLSA cannot be avoided by setting an artificially low hourly rate upon which overtime pay is to be based and making up the additional compensation due to employees by other means. 29 C.F.R. § 778.500(a).

27. Under Defendants' compensation plan, Plaintiffs and the similarly situated employees are being paid an artificially low regular rate because Defendants are not properly calculating Plaintiffs' regular rate of pay by taking into consideration all of Plaintiffs' earnings. See 29 C.F.R. § 778.500 et seq.

28. Defendants' compensation plan is a "subterfuge," intentionally designed to conceal the fact that Defendants actually compensate Plaintiffs and the similarly situated employees on a piece rate basis, that there is no overtime compensation, no "discretionary bonus," and that their regular rate of pay is the quotient of piece-rate earnings divided by hours worked. See 29 C.F.R. § 778.502 et seq.

29. Defendants suffered and permitted Plaintiffs and the similarly situated employees to routinely work more than forty (40) hours per week without overtime compensation.

30. Defendants knew, or showed reckless disregard, that Plaintiffs and the similarly situated employees performed work that required overtime pay at one and one-half (1.5) times their regular rate of pay.

31. Furthermore, upon information and belief, Defendants were the subject of wage and hour investigations by state and/or federal labor departments relating to the unlawful compensation schemes it used to compensate Plaintiffs and those similarly situated.

32. These practices violate the provisions of the FLSA, 29 U.S.C. § 201 et seq., specifically § 207(a)(1). As the direct and proximate result of Defendants' unlawful conduct, Plaintiffs and the Collective Class have suffered and will continue to suffer a loss of income and other damages. Plaintiffs and the Collective Class are entitled to liquidated damages and attorney's fees and costs incurred in connection with this claim.

33. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) as Defendants knew, or showed reckless disregard for the fact that their compensation practices were in violation of these laws.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and those similarly situated, pray for judgment against Defendants as follows:

A. Designation of this action as a collective action on behalf of Plaintiffs and those similarly situated, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all those similarly situated apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

B. Judgment against Defendants for violation of the overtime provisions of the FLSA;

C. Judgment that Defendants' actions as described above were willful;

D. An award to Plaintiffs and those similarly situated for the amount of unpaid wages owed, and liquidated damages;

E. An award of prejudgment interest to the extent liquidated damages are not awarded;

F.  An award of reasonable attorneys' fees and costs;

G.  Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

H.  For such other and further relief, in law or equity, as this Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs, individually and on behalf of all others similarly situated, demand a trial by jury.

Dated: May 2, 2011

**SCHALL & BARASCH L.L.C.**

s/Patricia A. Barasch
Patricia Barasch, NJ Bar No. (PAB 4660)
Moorestown Office Center
110 Marter Ave., Suite 302
Moorestown, New Jersey 08057
Telephone: (856) 914-9200
Fax: (856) 914-9420
Email: pbarasch@schallandbarasch.com

**NICHOLS KASTER, PLLP**
Matthew H. Morgan, MN Bar No. 304657*
Rachhana T. Srey, MN Bar No. 340133*
4600 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Fax: (612) 215-6870
Email: morgan@nka.com
          srey@nka.com
*pro hac vice admission forthcoming*

ATTORNEYS FOR PLAINTIFFS
AND THOSE SIMILARLY SITUATED